# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DATE: September 6, 2011 |
| v. | : | CRIMINAL NO.: 10-631 |
| BERNADETTE NICHOLAS | : | VIOLATIONS: |
| DENNIS NICHOLAS | | 18 U.S.C. § 1344 (bank fraud - 2 counts) |
| KEVIN D. McALLISTER | : | 18 U.S.C. § 1014 (loan application fraud - 55 counts) |
| WAYNE ROSEN | : | 18 U.S.C. § 215 (bank bribery - 2 counts) |
| | : | 26 U.S.C. § 7206(1) (filing false and fraudulent income tax return - 2 counts) |
| | : | 26 U.S.C. § 7201 (tax evasion - 3 counts) |
| | | 18 U.S.C. § 2 (aiding and abetting) |
| | | Notice of forfeiture |

## SUPERSEDING INDICTMENT

## COUNT ONE

### (BANK FRAUD)

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1.  Defendant **BERNADETTE NICHOLAS** was an independent mortgage broker, who operated Nicholas Mortgage Company out of a home office on Camelot Lane, in Newtown Square, Pennsylvania.

2.  Defendant **BERNADETTE NICHOLAS's** duties and responsibilities as a mortgage broker included, among other things: (a) assisting borrowers who were seeking financing to purchase properties or personal loans in completing mortgage loan application forms; (b) gathering information about a borrower's income, employment history, assets, and financial obligations; and (c) locating a mortgage lending company that would be willing to

provide financing for the borrower.  She handled borrowers' loan applications from the time of their preparation, the submission of the loan applications to financial institutions for approval, and also attended the real estate closings where her clients' loans were funded by financial institutions.

3.    Defendant **BERNADETTE NICHOLAS** represented borrowers who were unable to obtain financing from banks and other finance companies at the lowest market rates, leaving them with few options in the mortgage lending market, because the borrowers did not meet most financial institution's criteria for earnings, assets, and credit scores.

4.    Defendant **BERNADETTE NICHOLAS** collected financial and other information from potential borrowers and compiled it into a loan application package which she sent to mortgage lending companies for review and which she knew contained information the mortgage companies relied upon to determine whether they would provide financing to a particular borrower.

5.    Defendant **DENNIS NICHOLAS** assisted his wife, defendant **BERNADETTE NICHOLAS**, in Nicholas Mortgage Company.

6.    Defendant **DENNIS NICHOLAS's** and responsibilities included, among other things: (a) assisting Nicholas Mortgage Company clients obtain financing; (b) obtaining appraisals for properties; (c) organizing loan applications and supporting documents; (d) presenting loan applications and supporting documents to financial institutions; and, (e) providing assistance to settlement agents at settlements on loans.  Defendant **DENNIS NICHOLAS** defined himself as the closer/fixer/processor.

7.    Defendant **BERNADETTE NICHOLAS** had an ongoing business

2

relationship with defendant **KEVIN D. McALLISTER**.  Defendant **McALLISTER** was a

commercial loan officer in Wilmington Trust Federal Savings Bank's Wealth Advisory Services

Department.

8.     Wilmington Trust Federal Savings Bank ("Wilmington Trust") was a

financial institution, the deposits of which were insured by the Federal Deposit Insurance

Corporation ("FDIC") since June 10, 1994, FDIC Certificate Number 33911.

9.     Defendant **KEVIN D. McALLISTER's** duties and responsibilities

included targeting borrowers who had liquid assets or the potential for liquid assets of

approximately $1,000,000 the recruitment of borrowers seeking commercial or business loans

who met Wilmington Trust's financial institution's criteria for earnings, assets, and credit scores.

Defendant **McALLISTER** was authorized to approve commercial or business loans valued up to

$1,000,000.

10.     Wilmington Trust did not pay referral fees to mortgage brokers.

11.     Wilmington Trust had a policy that precluded its loan officers, including

defendant **KEVIN D. McALLISTER,** from accepting money, gifts, or other benefits that might

tend to influence their performance.

12.     Defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS,** and

**KEVIN D. McALLISTER** fraudulently caused Wilmington Trust to fund loans totaling more

than $30,000,000 to borrowers who did not meet Wilmington Trust's criteria for earnings, assets,

and credit scores and to pay fees to defendant **BERNADETTE NICHOLAS** totaling

approximately $1,200,000.

13.     As the result of approving loans for unqualified loan applicants,

3

defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **KEVIN D.**

**McALLISTER** fraudulently caused losses to Wilmington Trust totaling more than $2,600,000.

14.     From in or about 2000, to in or about 2006, in the Eastern District of

Pennsylvania, defendants

**BERNADETTE NICHOLAS,**
**DENNIS NICHOLAS** and
**KEVIN D. McALLISTER**

knowingly executed, and attempted to execute, and aided and abetted the execution of, a scheme

to defraud Wilmington Trust, and to obtain monies owned by and under the care, custody, and

control of that bank by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

It was part of the scheme that:

15.     Defendants **BERNADETTE NICHOLAS,** in her capacity as a mortgage

broker, and **DENNIS NICHOLAS** knowingly misrepresented material facts to Wilmington

Trust, with the intent to deceive, by submitting the following items, among others, to Wilmington

Trust:

(a)     mortgage loan documents containing inflated income and asset

figures for borrowers;

(b)     falsified income tax returns for borrowers;

(c)     mortgage loan documents containing the forged signatures of

borrowers;

(d)     misrepresentations of the rental income cash flow of properties that

were under consideration for purchase by borrowers;

4

(e)      appraisals that over-priced the properties that were the subject of loan applications; and,

(f)      falsified documents relating to the true source or amount of the down payments being made by the borrowers.

16.      Defendant **KEVIN D. McALLISTER**, together with defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS**, finalized false and fraudulent mortgage loan applications submitted to Wilmington Trust on behalf of Nicholas Mortgage Company's clients.

17.      Defendant **KEVIN D. McALLISTER** structured transactions to make it falsely appear that residential or personal loans submitted to Wilmington Trust by defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** were for commercial loans, when, in fact, as defendant **McALLISTER** well knew, they were not.

18.      Defendant **KEVIN D. McALLISTER** ignored Wilmington Trust's criteria for the income, assets, and credit worthiness of unqualified mortgage loan applicants whose application packages were submitted to Wilmington Trust by defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS**.

19.      In return for approving the loans, defendant **KEVIN D. McALLISTER** demanded and accepted bribes and kickbacks ranging from ½% to 1% of each loan from defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS.**

20.      At the time of the closing of the loans, defendant **KEVIN D. McALLISTER** caused Wilmington Trust to issue referral fee checks representing the equivalent of 3% of each loan in order for defendants **BERNADETTE NICHOLAS** and **DENNIS**

5

**NICHOLAS** to pay the bribe and kickback to defendant **McALLISTER**.

21.     Defendant **KEVIN D. McALLISTER** fraudulently approved loans brokered by defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** totaling approximately $30,000,000, many of which went into mortgage foreclosure, causing losses to Wilmington Trust in excess of $2,600,000.

22.     Defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **KEVIN D. McALLISTER** fraudulently caused Wilmington Trust to pay fees directly to defendant **BERNADETTE NICHOLAS** totaling approximately $1,200,000 from the transactions structured through the fraudulent scheme.  Also through the fraudulent scheme, defendant **KEVIN D. McALLISTER** accepted bribes and kickbacks from defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** totaling more than approximately $350,000 from the proceeds of the fees made payable at settlement to defendant **BERNADETTE NICHOLAS.**

23.     After settlement of some of the loans, defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS**, to prevent the scheme to defraud Wilmington Trust from becoming detected and to prevent immediate foreclosure action against loans which had become delinquent, caused payments to be made to their Nicholas Mortgage Company clients' Wilmington Trust accounts.

All in violation of Title 18, United States Code, Sections 1344 and 2.

6

## COUNTS TWO THROUGH FIFTY-FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1.      Paragraphs 1 through 13 and 15 through 23 of Count One are realleged here.

2.      On or about the dates listed below, each transaction constituting a separate count of this indictment, in the Eastern District of Pennsylvania, defendants

**BERNADETTE NICHOLAS,**
**DENNIS NICHOLAS and**
**KEVIN D. McALLISTER**

knowingly made and caused to be made, and aided and abetted the making of, false statements to Wilmington Trust for the purpose of influencing the actions of Wilmington Trust upon loans, in that defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **KEVIN D. McALLISTER** caused to be submitted to Wilmington Trust false loan applications in which the defendants falsely represented loan applicants' income, assets, and credit worthiness, and the appraised value of properties.

| COUNT | LOAN APPLICANT | APPROXIMATE DATE OF LOAN | LOAN AMOUNT |
|---|---|---|---|
| 2 | K.A. | 8/22/2005 | $375,000 |
| 3 | K.A. | 1/14/2005 | $365,000 |
| 4 | D.A. and R.A. | 4/26/2006 | $210,000 |
| 5 | D.A. and R.A. | 7/19/2006 | $210,000 |
| 6 | L.A. | 8/16/2005 | $61,000 |
| 7 | L.B. and E.B. | 5/26/2005 | $950,000 |

7

| COUNT | LOAN APPLICANT | APPROXIMATE DATE OF LOAN | LOAN AMOUNT |
|---|---|---|---|
| 8 | P.B. | 1/26/2005 | $275,000 |
| 9 | C.S. | 8/25/2004 | $112,000 |
| 10 | C.S. | 4/5/2005 | $17,000 |
| 11 | P.C. and W.R. | 5/4/2006 | $68,000 |
| 12 | A.D. | 10/10/2003 | $100,000 |
| 13 | A.D. | 8/1/2006 | $400,000 |
| 14 | A.D. | 7/15/2003 | $195,000 |
| 15 | J.D. | 12/21/2005 | $110,000 |
| 16 | J.D. | 6/10/2004 | $322,000 |
| 17 | J.D. | 6/28/2006 | $160,000 |
| 18 | D & T | 7/16/2006 | $35,000 |
| 19 | D.F. | 4/17/2006 | $185,000 |
| 20 | C.D. | 8/25/2004 | $23,000 |
| 21 | C.D. | 8/25/2004 | $415,000 |
| 22 | A.D. and M.D. | 6/15/06 | $1,700,000 |
| 23 | Golden Key Group | 10/20/2005 | $300,000 |
| 24 | Little Data Center | 5/5/2004 | $200,000 |
| 25 | Little Data Center | 6/6/2000 | $100,000 |
| 26 | Little Data Center | 9/28/2006 | $200,000 |
| 27 | C.M. | 3/30/2006 | $425,000 |
| 28 | V. M. | 5/31/2006 | $600,000 |
| 29 | Bernadette Nicholas | 10/11/2006 | $100,000 |
| 30 | K.N. | 12/12/2005 | $50,000 |
| 31 | N.P. | 7/18/2005 | $64,000 |
| 32 | N.P. | 7/18/2005 | $67,500 |

| COUNT | LOAN APPLICANT | APPROXIMATE DATE OF LOAN | LOAN AMOUNT |
|---|---|---|---|
| 33 | N.P. | 3/4/2004 | $56,000 |
| 34 | N.P. | 4/2/2004 | $56,000 |
| 35 | N.P. | 2/2/2006 | $35,000 |
| 36 | N.P. | 8/1/2005 | $35,000 |
| 37 | 2204 Liberty | 6/13/2005 | $950,000 |
| 38 | W.R. | 12/15/05 | $120,000 |
| 39 | W.R. | 6/6/2000 | $140,000 |
| 40 | S.R. | 8/31/2006 | $60,000 |
| 41 | H.S. | 3/30/2006 | $195,000 |
| 42 | H.S. | 10/27/2005 | $472,000 |
| 43 | P.S. | 5/31/2006 | $750,000 |
| 44 | S.S. | 10/27/2005 | $525,000 |
| 45 | P.S. | 10/12/2005 | $1,000,000 |
| 46 | P.S. | 10/27/2005 | $2,000,000 |
| 47 | Sport-Tech Imaging | 1/31/2005 | $665,000 |
| 48 | G. Z. | 9/28/2006 | $225,000 |
| 49 | G.M. and T.M. | 4/20/2006 | $115,000 |
| 50 | R.K. | 1/7/2005 | $215,000 |
| 51 | J.K. | 1/26/2005 | $25,000 |
| 52 | J.Q. and V.Q. | 3/31/2006 | $50,000 |
| 53 | J.Q. and V.Q. | 12/19/2003 | $225,000 |
| 54 | J.Q. and V.Q. | 12/19/2003 | $218,799 |
| 55 | J.Q. and V.Q. | 11/12/2004 | $442,500 |

All in violation of Title 18, United States Code, Sections 1014 and 2.

9

## COUNT FIFTY-SIX

### (BANK BRIBERY)

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. Paragraphs 1 through 11 and 13 through 21 of Count One are realleged here.

   2. Between in or about 2004 and in or about 2006, in the Eastern District of Pennsylvania, and elsewhere, defendants

**BERNADETTE NICHOLAS** and
**DENNIS NICHOLAS**

corruptly gave, offered, and promised something of value, that is, approximately $400,000, to

Kevin D. McAllister, a bank officer and employee of Wilmington Trust Federal Savings Bank,

with the intent to influence and reward McAllister in connection with transactions of Wilmington

Trust.

   In violation of Title 18, United States Code, Section 215(a)(1).

## COUNT FIFTY-SEVEN

### (BANK BRIBERY)

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. Paragraphs 1 through 13 and 15 through 23 of Count One are realleged here.

   2. Between in or about 2004 and in or about 2006, in the Eastern District of Pennsylvania, and elsewhere, defendant

### KEVIN D. McALLISTER,

being an officer and employee of Wilmington Trust Federal Savings Bank, corruptly solicited and accepted something of value for his benefit, that is, more than $1,000 in cash, intending to be influenced and rewarded in connection with transactions of Wilmington Trust.

   In violation of Title 18, United States Code, Section 215(a)(2).

11

## COUNT FIFTY-EIGHT

### (FILING FALSE AND FRAUDULENT INCOME TAX RETURN)

**THE GRAND JURY FURTHER CHARGES THAT:**

   1. Paragraphs 1 through 13 and 15 through 23 of Count One are realleged here.

   2. On or about April 15, 2006, in the Eastern District of Pennsylvania, defendants

**BERNADETTE NICHOLAS** and
**DENNIS NICHOLAS**

willfully made and subscribed a United States income tax return, Form 1040, for the calendar year 2005, which was verified by a written declaration that it was made under the penalty of perjury and filed with the Director, Internal Revenue Service Center, at Philadelphia, Pennsylvania, which defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** did not believe to be true and correct as to every material matter, in that the return reported total gross income of $208,455, when, as defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** knew, their total gross income was at least $367,928.90.

   In violation of Title 26, United States Code, Section 7206(1).

## COUNT FIFTY-NINE

### (FILING FALSE AND FRAUDULENT INCOME TAX RETURN)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 13 and 15 through 23 of Count One are realleged here.

2.      On or about April 15, 2007, in the Eastern District of Pennsylvania, defendants

### BERNADETTE NICHOLAS and
### DENNIS NICHOLAS

willfully made and subscribed a United States income tax return, Form 1040, for the calendar year 2006, which was verified by a written declaration that it was made under the penalty of perjury and filed with the Director, Internal Revenue Service Center, at Philadelphia, Pennsylvania, which defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** did not believe to be true and correct as to every material matter, in that the return reported total gross income of $231,000, when, as defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** knew, their total gross income was at least $304,584.50.

In violation of Title 26, United States Code, Section 7206(1).

13

## COUNT SIXTY

### (TAX EVASION)

**THE GRAND JURY FURTHER CHARGES THAT:**

   1.  Paragraphs 1 through 13 and 15 through 23 of Count One are realleged here.

   2.  On or about May 31, 2005, in the Eastern District of Pennsylvania, defendant

### KEVIN D. McALLISTER,

a resident of Drexel Hill, Pennsylvania, who during calendar year 2004 was married, willfully attempted to evade and defeat a large part of the tax due and owing by him and his spouse to the United States of America for the calendar year 2004 by:

   (1)  filing and causing to be filed with the Director, Internal Revenue Service Center, at Philadelphia, Pennsylvania, a false and fraudulent joint United States individual income tax return, Form 1040, on behalf of himself and his spouse, in which it was stated that his and his spouse's total gross income was $214,215, but, as he then well knew and believed that his and his spouse's total gross income was approximately $300,220, and that upon $300,220 income there was owing to the United States of America an additional tax of approximately $29,339; and,

   (2)  concealing sources and amounts of his true and correct income by making false and deceptive statements to the accountant who prepared his and his wife's income tax return.

   In violation of Title 26, United States Code, Section 7201.

## COUNT SIXTY-ONE

### (TAX EVASION)

**THE GRAND JURY FURTHER CHARGES THAT:**

  1. Paragraphs 1 through 13 and 15 through 23 of Count One are realleged here.

  2. On or about April 15, 2006, in the Eastern District of Pennsylvania, defendant

### KEVIN D. McALLISTER,

a resident of Drexel Hill, Pennsylvania, who during calendar year 2005 was married, willfully attempted to evade and defeat a large part of the tax due and owing by him and his spouse to the United States of America for the calendar year 2005 by:

  (1) filing and causing to be filed with the Director, Internal Revenue Service Center, at Philadelphia, Pennsylvania, a false and fraudulent joint United States individual income tax return, Form 1040, on behalf of himself and his spouse, in which it was stated that his and his spouse's total gross income was $216,608, but, as he then well knew and believed that his and his spouse's total gross income was approximately $359,428, and that upon $359,428 income there was owing to the United States of America an additional tax of approximately $49,120; and,

  (2) concealing sources and amounts of his true and correct income by making false and deceptive statements to the accountant who prepared his and his wife's income tax return.

  In violation of Title 26, United States Code, Section 7201.

## COUNT SIXTY-TWO

## (TAX EVASION)

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    Paragraphs 1 through 13 and 15 through 23 of Count One are realleged here.

      2.    On or about April 15, 2007, in the Eastern District of Pennsylvania, defendant

## KEVIN D. McALLISTER,

a resident of Drexel Hill, Pennsylvania, who during calendar year 2006 was married, willfully attempted to evade and defeat a large part of the tax due and owing by him and his spouse to the United States of America for the calendar year 2006 by:

      (1)    filing and causing to be filed with the Director, Internal Revenue Service Center, at Philadelphia, Pennsylvania, a false and fraudulent joint United States individual income tax return, Form 1040, on behalf of himself and his spouse, in which it was stated that his and his spouse's total gross income was $247,930, but, as he then well knew and believed that his and his spouse's total gross income was approximately $398,180, and that upon $398,180 income there was owing to the United States of America an additional tax of approximately $52,858; and,

      (2)    concealing sources and amounts of his true and correct income by making false and deceptive statements to the accountant who prepared his and his wife's income tax return.

      In violation of Title 26, United States Code, Section 7201.

16

## COUNT SIXTY-THREE

### (BANK FRAUD)

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1. Defendant **BERNADETTE NICHOLAS** was an independent mortgage broker, who operated Nicholas Mortgage Company out of a home office on Camelot Lane, in Newtown Square, Pennsylvania.

2. Defendant **BERNADETTE NICHOLAS's** duties and responsibilities as a mortgage broker included, among other things: (a) assisting borrowers who were seeking financing to purchase properties or personal loans in completing mortgage loan application forms; (b) gathering information about a borrower's income, employment history, assets, and financial obligations; and (c) locating a mortgage lending company that would be willing to provide financing for the borrower.  She handled borrowers' loan applications from the time of their preparation, the submission of the loan applications to financial institutions for approval, and also attended the real estate closings where her clients' loans were funded by financial institutions.

3. Defendant **BERNADETTE NICHOLAS** represented borrowers who were unable to obtain financing from banks and other finance companies at the lowest market rates, leaving them with few options in the mortgage lending market, because the borrowers did not meet most financial institution's criteria for earnings, assets, and credit scores.

4. Defendant **BERNADETTE NICHOLAS** collected financial and other information from potential borrowers and compiled it into a loan application package which she sent to mortgage lending companies for review and which she knew contained information the

17

mortgage companies relied upon to determine whether they would provide financing to a particular borrower.

       5.     Defendant **DENNIS NICHOLAS** assisted his wife, defendant **BERNADETTE NICHOLAS**, in Nicholas Mortgage Company.

       6.     Defendant **DENNIS NICHOLAS's** and responsibilities included, among other things: (a) assisting Nicholas Mortgage Company clients obtain financing; (b) obtaining appraisals for properties; (c) organizing loan applications and supporting documents; (d) presenting loan applications and supporting documents to financial institutions; and, (e) providing assistance to settlement agents at settlements on loans.  Defendant **DENNIS NICHOLAS** defined himself as the closer/fixer/processor.

       7.     Defendant **WAYNE ROSEN** and a person known to the Grand Jury, doing business as ("d/b/a") Sport-Tech Imaging, Inc., were the owners of an apartment building at 1528 Elmwood Avenue, in Folcroft, Pennsylvania.

       8.     Defendants **BERNADETTE NICHOLAS** and **WAYNE ROSEN** and a person known to the Grand Jury were the owners of RONIC, LLC, a limited liability corporation, and CINOR, LP, a partnership.

       9.     Malvern Federal Savings Bank ("Malvern Federal") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC") since January 8, 1947, FDIC Certificate Number 27861.

       10.     In 2006, defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** offered J.D. and D.D. the opportunity to purchase an apartment building for $2.2 million from defendant **WAYNE ROSEN** and a person known to the Grand Jury, d/b/a Sport-

Tech Imaging, Inc., and to arrange for a no money down mortgage for the purchase of the building with Malvern Federal.

11.     In June 2005, CINOR, LP obtained loans from Malvern Federal and Wilmington Trust Federal Savings Bank ("Wilmington Trust") to fund the acquisition of a medical building at 2301-2309 Pennsylvania Avenue, Philadelphia, Pennsylvania.  In 2006, defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS,** and **WAYNE ROSEN** and a person known to the Grand Jury initiated activities, including the acquisition of a new appraisal, in order to refinance the loans and get back their initial investment.

12.     From in or about January 2006 through in or about March 2007, in the Eastern District of Pennsylvania, defendants

**BERNADETTE NICHOLAS,**
**DENNIS ROSEN** and
**WAYNE ROSEN**

knowingly executed, and attempted to execute, and aided and abetted the execution of, a scheme to defraud Malvern Federal, and to obtain monies owned by and under the care, custody, and control of that bank by means of false and fraudulent pretenses, representations, and promises.

**THE SCHEME**

13.     It was part of the scheme that defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN** engaged in the following actions in order to obtain a loan for J.D. and D.D. from Malvern Federal:

a.     Defendants **BERNADETTE NICHOLAS and DENNIS NICHOLAS** had J.D. and D.D. sign a blank loan application, collected income and tax return information from J.D. and D.D., and assumed the responsibility of filling out the remainder of the application for the purchase of the apartment building.  On the loan application that was

19

submitted to Malvern Federal, defendant **BERNADETTE NICHOLAS** overstated J.D. and D.D.'s income and liquid assets.  Defendant **BERNADETTE NICHOLAS** also falsified J.D. and D.D.'s income tax returns that were submitted to Malvern Federal along with the loan application.

b.      Defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** obtained an appraisal of the property being purchased that was favorable to J.D. and D.D.

c.      Defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN**, and a person known to the Grand Jury, falsely represented to Malvern Federal that J.D. and D.D. were making a $440,000 down payment and concealed the fact that J.D. and D.D. were seeking to obtain 100% financing on the purchase of the apartment building.

d.      Defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN**, and a person known to the Grand Jury, misrepresented to Malvern Federal that defendant **WAYNE ROSEN** and another person, as the sellers of the apartment building, were to hold a second mortgage in the amount of $128,000, when defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN** knew that the actual amount of the second mortgage was to be $568,000.

e.      At the time of the settlement on J.D. and D.D.'s loan from Malvern Federal, defendant **WAYNE ROSEN** and another person executed a subordination agreement with Malvern Federal in which they falsely represented that their second mortgage was in the amount of $128,000, not $568,000, and was subordinate to Malvern Federal's $1,632,000 first

mortgage with J.D. and D.D.

    f. Immediately after the settlement, without the knowledge of Malvern Federal or the settlement company, defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS,** and **WAYNE ROSEN** demanded that J.D. and D.D. execute the second mortgage in the amount of $568,000.

    14. It was also part of the scheme that defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN** engaged in the following actions in order to obtain a loan for CINOR, LP from Malvern Federal:

    a. Defendants **BERNADETTE NICHOLAS** and **WAYNE ROSEN** and another person known to the Grand Jury filed documents with Malvern Federal to obtain a $3,520,000 loan, including a $367,699.24 cash payout, to refinance loans CINOR, LP had with Malvern Federal and Wilmington Trust.

    b. Defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN** prepared and caused to be prepared false and fraudulent leases which purported to be between CINOR, LP and physicians and Powerweb Technologies, Inc. for the rental of office space in 2301-2309 Pennsylvania Avenue, Philadelphia, Pennsylvania.

    c. Defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN** submitted and caused the submission of the fraudulent leases to an appraiser.

    d. Defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN** caused the false and fraudulent leases and appraisal,

representing the potential monthly cash flow for CINOR, LP, to be submitted to Malvern Federal

with the intent that the fraudulent leases and appraisal would be relied upon by Malvern Federal

in determining whether to refinance CINOR, LP's existing loans with Malvern Federal and

Wilmington Trust and fund a new loan in the amount of $3,520,000.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIXTY-FOUR

### (LOAN APPLICATION FRAUD)

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1.      Paragraphs 1 through 11 and 13 of Count Sixty-Three are realleged here.

2.      In or about August 2006, in the Eastern District of Pennsylvania, defendants

**BERNADETTE NICHOLAS,**
**DENNIS NICHOLAS** and
**WAYNE ROSEN**

knowingly made and caused to be made, and aided and abetted the making of, false statements to Malvern Federal for the purpose of influencing the actions of Malvern Federal upon a loan, that is, a $1,632,000 loan for the purchase of 1039 Elmwood Avenue, in Folcroft, Pennsylvania, in that defendants **BERNADETTE NICHOLAS** and **DENNIS NICHOLAS** caused to be submitted to Malvern Federal a false loan application and supporting documents in which she falsely represented the loan applicants' income and assets, and defendants **BERNADETTE NICHOLAS, DENNIS NICHOLAS** and **WAYNE ROSEN** falsely represented the existence of a down payment and the amount of the second mortgage, when as the defendants knew, the loan applicants were obtaining 100% financing for the purchase of the property and the second mortgage was $568,000, not $128,000.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT SIXTY-FIVE

### (LOAN APPLICATION FRAUD)

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1.       Paragraphs 1 through 11 and 14 of Count Sixty-Three are realleged here.

2.       From in or about December 2005 to in or about March 2007, in the

Eastern District of Pennsylvania, defendants

### BERNADETTE NICHOLAS,
### DENNIS NICHOLAS and
### WAYNE ROSEN

knowingly made and caused to be made, and aided and abetted the making of, false statements to

Malvern Federal for the purpose of influencing the actions of Malvern Federal upon a loan, that

is, a $3,520,000 loan, including a cash payout of $367,699.64, to refinance two existing loans

with Wilmington Trust and Malvern Federal for the Pennsylvania Avenue property, in that

defendants **BERNADETTE NICHOLAS, DENNIS NICHOLS** and **WAYNE ROSEN** caused

to be submitted to Malvern Federal a false loan application and supporting documents in which

they falsely represented that physicians and Powerweb Technology had executed leases to rent

space in the Pennsylvania Avenue property, when, as the defendants knew, the leases were

falsely and fraudulently made and contained the forged and fraudulently used names of the

physicians and owner of PowerWeb Technologies, Inc.

In violation of Title 18, United States Code, Sections 1014 and 2.

24

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     As a result of the violations of Title 18, United States Code, Sections 1344, 1014, and 215, as set forth in Counts One through Fifty-Seven of this indictment, defendants

**BERNADETTE NICHOLAS,**
**DENNIS NICHOLAS** and
**KEVIN D. McALLISTER**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such offense, including, but not limited to, the sum of approximately $479,075.

2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third party;

    (c)     has been placed beyond the jurisdiction of the Court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a).


**A TRUE BILL:**


_____

**GRAND JURY FOREPERSON**


_____

**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**